09-4356-ag
Chen v. Holder

BIA
Schoppert, IJ
A094 787 498

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
    JON O. NEWMAN,
    ROBERT A. KATZMANN,
    DEBRA ANN LIVINGSTON,
        Circuit Judges.

_____

MING DONG CHEN,
        Petitioner,

        v.                                      09-4356-ag
                                                      NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        Respondent.

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED, and the case is REMANDED.

Petitioner Ming Dong Chen, a native and citizen of the People's Republic of China, seeks review of a September 30, 2009, order of the BIA affirming the January 2, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ming Dong Chen*, No. A094 787 498 (B.I.A. Sept. 30, 2009), *aff'g* No. A094 787 498 (Immig. Ct. N.Y. City Jan. 2, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**A.  Family Planning Claim**

Chen does not challenge the agency's finding that he failed to demonstrate a well-founded fear of persecution based

-2-

on any "other resistance" to China's family planning policy. With regard to Chen's economic persecution claim, the agency did not err in finding that he failed to establish his eligibility for relief. We have held that to present a cognizable claim of economic persecution, "an asylum applicant must offer some proof that [he] suffered a deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002). Here, Chen did not provide any evidence that would support a finding that the economic difficulties he faced were "above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (BIA 2007).

## B.    Falun Gong Claim

With regard to Chen's claim that he suffered past persecution because he practiced Falun Gong, the IJ's adverse credibility determination is significantly flawed. The IJ relied on what he believed were two inconsistencies, one between petitioner's testimony and his asylum application, and another between his testimony on direct and cross examination. As to the first inconsistency, the IJ reported that Chen

testified, with reference to the second time when he was taken to a police station in June 2005, "that he was 'brutally beaten,' . . . ." IJ Oral Decision at 7. In Chen's application for asylum, the IJ further reported, Chen "did not indicate that he was ever brutally beaten by the police." *Id.* In dismissing Chen's administrative appeal, the BIA also asserted that Chen's asylum application made no mention of a beating. BIA Decision at 2  In fact, Chen's asylum application clearly states, "The police beat me . . . ."

 Resisting Chen's petition to this Court, the Government states, "While Chen briefly mentioned that the police beat him on this occasion in his asylum application, he did not provide any details . . . ." Brief for Respondent at 21. This bold attempt to gloss over the glaring flaw in the IJ's decision is unavailing. The IJ simply overlooked Chen's allegation in his asylum application that he had been beaten while in police custody. Since this was one of the two inconsistencies that the IJ relied on to find Chen not credible, that finding is significantly undermined. See *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005) ("The court will vacate and remand for new findings if the BIA's reasoning or the fact-finding process was sufficiently flawed.").

The IJ states that the second inconsistency "relates to [Chen's] testimony regarding when he initially began practicing Falun Gong, which, according to his testimony today and the [asylum application] statement was in January 1999." IJ Oral Decision at 5. The IJ further reported that Chen testified on direct examination that the practice of Falun Gong was illegal when he began practicing in January 1999, but that the Falun Gong was declared illegal in July 1999. *See id.*

The IJ appears to have assumed that Chen was linking his start of practicing Falun Gong to the month when the Falun Gung was declared illegal, thereby creating an inconsistency between a starting month of January and July. However, Chen consistently testified that he began practicing Falun Gong in January. His inconsistency arose from providing different months when the Falun Gong was declared illegal. Whether this inconsistency alone would have led the IJ to find that Chen lacked credibility, and, if so, whether such a finding would have been supportable, are matters best left for consideration after a remand for reconsideration in light of this opinion. We cannot be confident that the second inconsistency alone would have led to the same credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.

-5-

2006) ("This Court should remand the proceedings because it cannot be confidently predicted that the agency would make the same decision absent the identified errors.").

For the foregoing reasons, the petition for review is GRANTED, and the matter is REMANDED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED as moot, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk